UNITED STATES DISTRICT COURT
IN THE DISTRICT OF PUERTO RICO

**LEONIDAS COLLADO,**
Petitioner,

v.                                                                                                    **CIVIL NO. 06-1141(DRD)**

**DEPARTMENT OF HOMELAND SECURITY,**
Defendant,

## ORDER & JUDGMENT

Petitioner Leonidas Collado was ordered removed from the United States in an order issued by an administrative judge dated January 20, 2006. Petitioner waived appeal rights at the hearing being duly represented by counsel. No appeal was taken to the Board of Immigration Appeals. He has been ordered to be deported on February 8, 2006.

Petitioner now challenges in the District Court of Puerto Rico, based on a habeas petition, 28 U.S.C. § 2241, the underlying basis for removal averring that the conviction of October 1979, a Class C felony for assault in the First Degree, cannot be used as a basis for removal provided that he remained in the country for over seven years and, consequently, the removal basis has been lost by the United States. Further, a second conviction occurring in 1995 resulted merely in a class B misdemeanor (attempted possession of a weapon) for which he served only a sentence of one year probation and a fine.

Notwithstanding petitioner's allegation, the Court understand it lacks jurisdiction when Congress responded to the Supreme Court's grant of authority to amend the law as expressed in the case of INS v. Cyr, 533 U.S. 289, 314 n.8 (2001) ("Congress could without any constitutional question provide an adequate substitute [to habeas petitions in the district court] challenging removal orders] through the Court of Appeals.") Congress enacted said amendment to the law, 8 U.S.C. §1252(a)(5), by enacting the RIDA 106(a) amendment.

The Congressional purpose in the enactment of the RIDA amendment is pellucid in its purpose:

> Under Section 106 [of RIDA], all aliens who are ordered removed by an immigration judge will be able to appeal to the BIA and then raise constitutional and legal challenges in the courts of appeals. No alien, not even criminal aliens, will be deprived of judicial review of such claims. **[... RIDA's amendments ["would replace habeas corpus review [in the district court]** of specified removal orders with review of constitutional claims and questions of law before the courts of appeals."]

151 Cong. Rec. H2813, 2873 (emphasis ours).

The Court, therefore lacks subject matter jurisdiction and, consequently this case is **DISMISSED**.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico this 7th day of February of 2006.

s/ Daniel R. Dominguez
**DANIEL R. DOMINGUEZ**
**U.S. DISTRICT JUDGE**
